UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., et al.,<br><br>            Defendants. | Case No. 23-cv-05218-AMO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 10 |

Before the Court is Marriott International, Inc. and The Ritz-Carlton Hotel Company, LLC's motion to dismiss and motion to strike. The matter is fully briefed and suitable for decision without legal argument. *See* Civil L.R. 7-1-(b). This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** in part and **DENIES** in part the motion to dismiss and **DENIES** the motion to strike, for the following reasons.

Defendants Marriott International, Inc. ("Marriott") and The Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton) (collectively "Defendants") move to dismiss Plaintiffs Jane Doe and John Doe's[1] claims for sexual assault (count one) and intentional infliction of emotional distress (count two) under theories of direct and vicarious liability and John Doe's claim for negligence (count three), and move to strike allegations against Marriott, as well as the prayer for attorney's fees and

---

[1] The Court notes that Plaintiffs have not moved to proceed under a pseudonym. If Plaintiffs wish to proceed anonymously, they must so move the Court. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

1  punitive damages.[2]  Because Defendants challenge the sufficiency of the allegations against
2  Marriott, the Court construes the motion to strike the claims against Marriott as a motion to
3  dismiss, and analyzes that argument before considering the rest of the motion to dismiss and
4  finally the motion to strike.

### 1. Claims Against Marriott

Defendants argue that Marriott, the parent company of Ritz-Carlton, is only liable for the acts of its subsidiaries under an alter ego theory, and that Plaintiffs have not sufficiently alleged alter ego liability.  "Mot." (ECF 10) at 28-30.  Courts may impose alter ego liability if there is "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist" and (2) "an inequitable result if the acts in question are treated as those of the corporation alone."  *Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 538 (2000).  In considering whether there is sufficient unity of interest and ownership, courts consider factors such as:

> inadequate capitalization, commingling of funds and other assets, holding out by one entity that it is liable for the debts of the other, identical equitable ownership, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

*Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1250 (9th Cir. 2017) (citation omitted). Plaintiffs argue that they have alleged a unity of interest because a Marriott claims adjuster interacted with Plaintiffs after the incident.  "Opp." (ECF 19) at 23 (citing Compl. ¶¶ 6, 49-50). However, Plaintiffs have not alleged any of the unity of interest and ownership factors, nor have they cited any authority that their current allegations sufficiently allege alter ego liability. Plaintiffs' sparse allegations of alter ego liability fail to state a claim upon which relief can be granted.  Accordingly, the Court dismisses the claims against Marriott with leave to amend.

---

[2] As it must, the Court accepts Plaintiffs' allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### 2. Direct Liability for Sexual Assault and Intentional Infliction of Emotional Distress

Defendants argue that they cannot be directly liable for sexual assault or intentional infliction of emotional distress (IIED). Mot. at 12-17. Plaintiffs do not contest this assertion, thus conceding the point. *See* Opp. at 17-23; *Namisnak v. Uber Techs., Inc.*, 444 F. Supp. 3d 1136, 1146 (N.D. Cal. 2020) (quoting *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010)) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). The Court thus grants Defendants' motion to dismiss those claims under a theory of direct liability.

### 3. Vicarious Liability for Sexual Assault and IIED

Under California law, an employer is vicariously liable for the torts of its employees committed "within the scope of the employment." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 296 (1995). An employee's "willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior [liability], even though the employer has not authorized the employee to commit crimes or intentional torts." *Id.* at 296-97. However, an employer will not be liable for an "assault or other intentional tort that did not have a causal nexus to the employee's work." *Id.* at 297. The determination of whether an employee acted within the scope of employment is a question of fact that becomes a question of law if "the facts are undisputed and no conflicting inferences are possible." *Id.* (citation omitted).

Defendants argue that they cannot be held vicariously liable for an employee's sexual assault that is personal in nature. Although "[s]exual assaults are not per se beyond the scope of employment[,] . . . courts have rarely held an employee's sexual assault or sexual harassment of a third party falls within the scope of employment." *Daza v. Los Angeles Cmty. Coll. Dist.*, 247 Cal. App. 4th 260, 268 (2016) (collecting cases). Plaintiffs argue that a factfinder "could reasonably conclude that a hotel employee's defiling of a hotel-labeled water and serving it to a hotel guest was a contamination risk that was 'broadly incidental' to operating a hotel lodging and restaurant property where water and other beverages are routinely sold and served." Opp. at 19. Though Plaintiffs have not included specific allegations about how semen ended up in the water bottles

3

1   delivered to them, they have alleged an that employee was responsible. While the respondeat
2   superior allegations are sparse, the attendant alleged facts – hotel-labeled water bottles delivered to
3   a guest room by hotel staff – make Plaintiffs' allegations of hotel liability plausible when
4   construed in the light most favorable to the Plaintiffs. *See Manzarek*, 519 F.3d at 1031.[3]
5   Moreover, since sexual assault by a hotel employee on a guest is not "always outside the scope of
6   employment," contrary to Defendants' assertions, *see* Opp. at 20, the Court cannot conclude that
7   Defendants are entitled to dismissal as a matter of law. Accordingly, the Court denies Defendants'
8   motion to dismiss counts one and two.

### 4.    John Doe's Negligence Claim[4]

Defendants also challenge John Doe's negligence claim – specifically, that the Complaint fails to allege breach or causation. Mot. at 23. Plaintiffs allege that John Doe was "emotionally distressed by the attack on his wife" because he was "powerless to stop an assault on his wife." Compl. ¶ 54. As John Doe pleads no physical injury, he may only proceed under a theory of negligent infliction of emotional distress.[5] *See Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989). Plaintiffs' Opposition appears to recognize this, as Plaintiffs argue that John Doe was a bystander who witnessed the injury-causing event. Opp. at 23. Under California law, "[i]n the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." *Thing*, 48 Cal. 3d at 647.

Defendants challenge the second requirement under *Thing*, arguing that Plaintiffs did not plead that John Doe was contemporaneously aware that his wife was injured by drinking the water

---

[3] Defendants cite no caselaw that such allegations cannot survive the motion to dismiss stage.

[4] For the same reasons the Court denies the motion to dismiss counts one and two under a theory of vicarious liability, the Court denies the motion to dismiss Jane Doe's negligence claim.

[5] The Complaint asserts that "Plaintiffs suffered physical injuries," Compl. ¶ 104, but there are no factual allegations that John Doe suffered any physical injury, and Plaintiffs do not contest that John Doe suffered no physical injury.

4

because he was asleep when she sipped from the water bottle and Plaintiffs did not learn that there was semen in the water until months later. Mot. at 25-26; Compl. ¶¶ 43, 47. Plaintiffs plead that John Doe suffered emotional injury when he received a phone call months after the incident and learned that there was semen in the water bottle and that his wife was "mortified, terrified, embarrassed, and humiliated." Compl. ¶¶ 50-54. Thus, John Doe avers that he suffered emotional distress as a result of learning about the incident after it occurred, not from contemporaneously observing the injury-causing event. *Id.* Because John Doe lacked contemporaneous awareness that his was wife was subject to tortious conduct, he may not recover in NIED. *See Fortman v. Forvaltningsbolaget Insulan AB*, 212 Cal. App. 4th 830, 843 (2013), *as modified* (Feb. 7, 2013) (plaintiff could not recover in NIED where she observed her brother being unable to breathe underwater but believed it to be a heart attack and did not have contemporaneous awareness that the defective diving product was causing injury). Accordingly, the Court grants the motion to dismiss the NIED claim with leave to amend.

### 5. Attorney's Fees and Punitive Damages

Defendants also move under Federal Rule of Civil Procedure 12(f) to strike Plaintiffs' requests for attorney's fees and punitive damages. Mot. at 28-32. The Court takes up each contention in turn.

Defendants argue that Plaintiffs' request for attorney's fees is improper because there is no legal basis for recovery of attorney's fees for any of the causes of action. Mot. at 30-31. Plaintiffs respond that there is no need to strike the request because they only seek such a remedy to the extent provided by law, and therefore at the time of trial, they will not seek any remedy that is not permissible as a matter of law. Opp. at 26. Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Defendants have cited no authority authorizing the Court to strike attorneys' fees at this stage. Indeed, the Ninth Circuit has held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Such challenges should be brought under Rule 12(b)(6) or Rule 56,

not a Rule 12(f) motion. *See id.* at 974 (Rule 12(f) motion to strike claim for lost profits and consequential damages was "really an [improper] attempt to have certain portions of [plaintiff's] complaint dismissed or to obtain summary judgment against [plaintiff] as to those portions of the suit"); *see also Davis v. Hollywood & Ivar, LLC*, No. 221-CV-01235-VAPJPRX, 2021 WL 4816823, at *4 (C.D. Cal. Aug. 30, 2021) (finding that "*Whittlestone* prohibits the Court from granting a motion to strike attorney's fees and costs"); *Yu v. Design Learned, Inc.*, No. 15-CV-05345-LB, 2016 WL 3541046, at *7 (N.D. Cal. June 29, 2016) (same). However, the Court notes that American Rule dictates that "each party to a lawsuit ordinarily pays its own attorneys fees." *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 751 (2017). In California, attorney's fees are only permissible when authorized by contract, statute, or law. Cal. Code of Civ. Proc. § 1033.5(a)(10). Neither party should thus interpret the Court's denial of the motion to strike as departing from the American Rule. Because Rule 12(f) is not the appropriate avenue for relief, the Court denies Defendants' motion to strike the request for attorney's fees.

Defendants also move to strike Plaintiffs' request for punitive damages because there are no allegations that Defendants ratified the employee's conduct, that conduct was committed by a director, officer, or managing agent, or that Defendants had actual knowledge of the employee's malicious conduct. Mot. at 30-32. Defendants have not explained why this claim is redundant, immaterial, impertinent, or scandalous under Rule 12(f), and instead challenge the sufficiency of the allegations. Defendants have not pointed to any caselaw suggesting that the Court should strike such a damages request at the pleadings stage. Thus, the Court denies the motion to strike the request for punitive damages.

## CONCLUSION

For the foregoing reasons, the **GRANTS** the motion to dismiss the claims against Marriott with leave to amend. The Court **GRANTS** Defendants' motion to dismiss counts one and two under a theory of direct liability without leave to amend and **DENIES** Defendants' motion to dismiss counts one and two under a theory of vicarious liability. The Court **GRANTS** the motion to dismiss John Doe's negligence claim under count three with leave to amend. The Court **DENIES** the motion to dismiss Jane Doe's negligence claim under count three. The Court

**DENIES** the motion to strike the request for attorney's fees and punitive damages. Any amended complaint must be filed by **June 6, 2024**. No additional parties or claims may be added without leave of Court or stipulation of Defendants. Should Defendants bring another Rule 12 motion, Plaintiffs would be well-advised to include legal authority and citation in their argument in opposition.

**IT IS SO ORDERED.**

Dated: May 7, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**