1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JANE DOE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE RITZ-CARLTON HOTEL<br>COMPANY, L.L.C., et al.,<br><br>　　　　　　Defendants. | Case No.  23-cv-05218-AMO<br><br>**ORDER GRANTING PLAINTIFFS'<br>APPLICATION TO PROCEED<br>ANONYMOUSLY**<br><br>Re: Dkt. No. 33 |

　　　　Plaintiffs Jane and John Doe bring this lawsuit alleging that they were victims of sexual assault by a Ritz-Carlton employee who caused Jane Doe to unknowingly consume his semen. Before the Court is Plaintiffs' motion to proceed anonymously. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion for the following reasons.

　　　　"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "name all the parties"). However, a party may proceed anonymously when "special circumstances justify secrecy," such as where "nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile Corp.*, 214 F.3d at 1067-68 (citation omitted). A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth Circuit has identified three circumstances where this may be the case: (1) "when

1 identification creates a risk of retaliatory physical or mental harm"; (2) when anonymity is

2 necessary to "preserve privacy in a matter of sensitive and highly personal nature"; and (3) when

3 the anonymous party is "compelled to admit his or her intention to engage in illegal conduct,

4 thereby risking criminal prosecution." *Id.* (citations omitted).  District courts have broad

5 discretion to determine whether a plaintiff may proceed anonymously.  *Advanced Textile Corp.*,

6 214 F.3d at 1068-69; *Kamehameha Schools*, 596 F.3d at 1045-46.

7   Given the sensitive and sensational nature of the allegations, there is a high likelihood that

8 Plaintiffs will suffer personal embarrassment and further emotional injury should they have to

9 proceed in this litigation under their real names.  *See M.J.R. v. United States*, No. 23-CV-05821-

10 VKD, 2023 WL 7563746, at *1-2 (N.D. Cal. Nov. 14, 2023) (gathering cases).  This outweighs

11 any potential prejudice to Defendants.  *See Advanced Textile Corp.*, 214 F.3d at 1067-68; *see, e.g.*,

12 *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, No. 22-CV-05137-VKD, 2022 WL 5225881, at *2 (N.D.

13 Cal. Oct. 5, 2022) (finding likelihood of personal embarrassment and emotional injury if plaintiff

14 alleging sexual abuse at corrections facility were forced to litigate under her real name).  Indeed,

15 Plaintiffs explain that Defendants will not suffer prejudice because Plaintiffs' identities are already

16 known to them, Mot. (ECF 33) at 8, and Defendants do not oppose Plaintiffs' motion.  ECF 34.

17 Further, courts in this district have recognized that allowing sexual assault victims to proceed

18 anonymously serves a "strong public interest in protecting their identities so that other victims will

19 not be deterred from reporting such crimes."  *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-

20 02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *see, e.g.*, *Doe 1 v. Nat'l*

21 *Collegiate Athletic Ass'n*, No. 22-CV-01559-LB, 2022 WL 3974098, at *3 (N.D. Cal. Aug. 30,

22 2022) (citation omitted) (allowing plaintiff to proceed anonymously to "forestall a chilling effect

23 on future litigants who may be similarly situated"); *see also Jordan v. Gardner*, 986 F.2d 1521,

24 1525 n.4 (9th Cir. 1990) ("In keeping with the tradition of not revealing names of the

25 ///

26 ///

27 ///

28 ///

United States District Court
Northern District of California

victims of sexual assault, we use initials here to protect the privacy of the inmates.").

Accordingly, the Court **GRANTS** Plaintiffs' motion to proceed anonymously as Doe Plaintiffs.

**IT IS SO ORDERED.**

Dated: June 20, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**