UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., et al.,<br><br>        Defendants. | Case No. 23-cv-05218-AMO<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 45 |

This is a negligence suit brought by Plaintiffs Jane and Joe Doe against Defendants Ritz-Carlton Hotel Company, LLC, and Marriott International. Before the Court is Defendants' motion for summary judgment on all of Plaintiffs' claims. ECF 45. Because the motion is fully briefed and suitable for decision without oral argument, the Court **VACATES** the hearing set for June 26, 2025. Having carefully considered the parties' papers and the arguments made therein, as well as the relevant legal authority, the Court **GRANTS** Defendants' motion for the following reasons.

**I.   BACKGROUND**

In November 2022, Plaintiffs Jane and John Doe, a married couple from Washington state, stayed at the Ritz-Carlton hotel in Half Moon Bay. ECF 46-1 ("Jane Doe Decl.") ¶ 9. One evening, Jane Doe called the front desk to request that water bottles be delivered to their hotel room. Jane Doe Decl. ¶ 15. Shortly thereafter, a Ritz-Carlton employee delivered several Ritz-Carlton-labeled water bottles to the Does' room. Jane Doe Decl. ¶ 16. Jane Doe drank from one, immediately recognized something was wrong with it, and later learned the water contained semen. Jane Doe Decl. ¶¶ 17, 21; ECF 45-3 ("James Schramm, Jr. Decl.") ¶¶ 5-6.

On June 6, 2024, Plaintiffs filed the operative first amended complaint ("FAC"), alleging a Ritz-Carlton employee contaminated the water bottle from which Jane Doe drank and asserting

1  four causes of action against Defendants: sexual battery, intentional infliction of emotional distress

2  ("IIED"), and negligence claims on behalf of Jane Doe, and a loss of consortium claim on behalf

3  of John Doe.  ECF 32.  Defendants filed an answer on September 19, 2024, ECF 40, and the

4  instant motion for summary judgment followed on February 14, 2025, ECF 45.

5  **II.    DISCUSSION**

6        Defendants move for summary judgment under Federal Rule of Civil Procedure 56, which

7  provides that a party may move for summary judgment on a "claim or defense."  Fed. R. Civ. P.

8  56(a).  Summary judgment is appropriate when there is no genuine dispute as to any material fact

9  and the moving party is entitled to judgment as a matter of law.  *Id.*  The party seeking summary

10 judgment bears the initial burden of informing the court of the basis for its motion, and of

11 identifying those portions of the pleadings and discovery responses that demonstrate the absence

12 of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Material facts

13 are those that might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

14 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a

15 reasonable jury to return a verdict for the nonmoving party.  *Id.*

16       Where the moving party will have the burden of proof at trial, it must affirmatively

17 demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun*

18 *v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving

19 party will bear the burden of proof at trial, the moving party may carry its initial burden of

20 production by submitting admissible "evidence negating an essential element of the nonmoving

21 party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have

22 enough evidence of an essential element of its claim or defense to carry its ultimate burden of

23 persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099,

24 1105-06 (9th Cir. 2000); *see also Celotex*, 477 U.S. at 324-25 (noting a moving party can prevail

25 merely by pointing out to the district court that there is an absence of evidence to support the

26 nonmoving party's case).

27       When the moving party has carried its burden, the nonmoving party must respond with

28 specific facts, supported by admissible evidence, showing a genuine issue for trial.  Fed. R. Civ. P.

1   56(c), (e).  The asserted disputed facts must be material – the existence of only "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson*, 477 U.S. at 247-48.  "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."  *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (affirming summary judgment in favor of defendants where there was "no evidence in the record from which a trier of fact could have" found for plaintiff).

When deciding a summary judgment motion, courts must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor.  *Id.* at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).  However, when a non-moving party fails to produce evidence rebutting the moving party's showing, then an order for summary adjudication is proper.  *Nissan Fire*, 210 F.3d at 1103 ("If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.").  The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Defendants argue Plaintiffs can present no evidence to support an allegation critical to the success of each of their claims – that a Ritz-Carlton employee contaminated the water bottle from which Jane Doe drank.  Motion for Summary Judgment ("Mot.") (ECF 45) at 17-19.  Accordingly, Defendants argue they have met their burden of demonstrating an absence of evidence to support Plaintiffs' case and are entitled to summary judgment.  *Celotex*, 477 U.S. at 324-25.  The Court agrees.  While Plaintiffs need not identify the individual who contaminated the water bottle to prevail on their claims, they must put forward "significant probative evidence tending to support" their contention that the individual responsible was a Ritz-Carlton employee.  *Anderson*, 477 U.S. at 249.  Plaintiffs contend that only Ritz-Carlton employees could access the Ritz-Carlton-labeled water bottles, so the person who contaminated the water bottle must have been an employee.  The only evidence Plaintiffs offer in support of their claims is their own declarations, in which they state that "the Ritz-labeled water bottles . . . were only accessible to employees."  Jane Doe Decl. ¶ 14; John Doe Decl. ¶ 15.  Defendants object to these statements as inadmissible under Federal

3

1  Rule of Evidence 602, which provides that "[a] witness may testify to a matter only if evidence is
2  introduced sufficient to support a finding that the witness has personal knowledge of the matter."
3  Defendants' Reply ("Reply") (ECF 47) at 7 n.1.  The objection is sustained, as Plaintiffs have
4  offered nothing to establish that either Plaintiff had personal knowledge of this purported fact.  *See*
5  *VPS Companies, Inc. v. Arch Specialty Ins. Co.*, No. 24-CV-02493-NC, 2025 WL 1266932, at *3
6  (N.D. Cal. May 1, 2025) (sustaining an objection under Federal Rule of Evidence 602 where the
7  party "ha[d] not introduced evidence or testimony to prove personal knowledge of" the challenged
8  statement in a declaration).  The declarations are based on Plaintiffs' own experiences regarding
9  access to water bottles, *see* Jane Doe Decl. ¶ 14 ("the Ritz-labeled water bottles were not freely
10 accessible to my husband and I as guests"), and do not evidence that Plaintiffs had personal
11 knowledge that no non-employee could access the water bottles.  Thus, without more, these
12 statements constitute "mere allegation and speculation" and do not give rise to a genuine dispute.
13 *Nelson*, 83 F.3d at 1081-82.  Similarly, Plaintiffs contend that the incident occurred entirely on
14 Ritz-Carlton property, Plaintiffs' Opposition ("Opp.") (ECF 46) at 21-22, but present no evidence
15 whatsoever that the water bottle was contaminated on Ritz-Carlton property, rather than at some
16 point prior to its delivery there.  The remarkable lack of evidence advanced by Plaintiffs compels
17 the Court to find there is no genuine dispute as to whether the person who contaminated the water
18 bottle was a Ritz-Carlton employee.  Accordingly, there is no conduct for which Defendants could
19 be held vicariously liable, and the Court need not consider the parties' arguments as to vicarious
20 liability.[1]

21 In their opposition, Plaintiffs advance a theory of *res ipsa loquitur*, arguing that the
22 presence of semen in a Ritz-Carlton-labeled water bottle served to a guest by a Ritz-Carlton
23 employee is "an occurrence that only happens as a consequence of the Ritz's negligence."  Opp. at
24 17-18.  Plaintiffs could succeed under this theory without presenting evidence that the person who
25 contaminated the water bottle was employed by Defendants, but they would have to "present some

---

[1] Although Defendants also argue they are not directly liable for the alleged conduct, the Court need not consider this argument either, as it previously dismissed Plaintiffs' claims under a theory of direct liability.  Order (ECF 30) at 3, 7.

4

1  substantial evidence of three conditions: (1) the injury must be the kind which ordinarily does not
2  occur in the absence of someone's negligence; (2) the injury was caused by an instrumentality in
3  the exclusive control of the defendant; and (3) the injury was not due to any voluntary action or
4  contribution on the part of the plaintiff." *Elcome v. Chin*, 110 Cal. App. 4th 310, 316-17 (2003).
5  Absent here is any evidence that the instrumentality at issue – the water bottle – was in
6  Defendants' exclusive control.  Plaintiffs argue that Defendants "had complete dominion and
7  control over the subject water bottle from the moment it was requested by Plaintiffs, through
8  . . . the moment it was delivered to Plaintiffs' Ritz hotel room," Opp. at 22, but this contention is
9  wholly unsubstantiated.  The only evidence Plaintiffs offered that possibly supports this assertion
10 are the statements in Plaintiffs' declarations that only employees could access the Ritz-Carlton-
11 labeled water bottles, which the Court has found inadmissible for lack of personal knowledge.
12 Even if the Court could properly consider them, Plaintiffs' statements are insufficient to establish
13 that Defendants had exclusive control over the water bottle.  Plaintiffs' testimony that Defendants
14 had exclusive control over the bottles, therefore, is "speculative, uncorroborated, [] lack[s]
15 foundation, and thus [is] insufficient to raise a genuine issue of material fact." *Harper v.
16 Lugbauer*, No. 11-CV-01306-JST, 2014 WL 1266305, at *11 (N.D. Cal. Mar. 21, 2014), *aff'd*,
17 709 F. App'x 849 (9th Cir. 2017) (quoting *Filipino Yellow Pages, Inc. v. Asian Journal
18 Publications, Inc.*, 198 F.3d 1143, 1152 (9th Cir. 1999) (holding that "vague, uncorroborated, and
19 clearly self-interested testimony did not create a genuine issue for trial").
20         Not only do Plaintiffs fail to point to any evidence regarding Defendants' control over the
21 water bottles on their property, Plaintiffs ignore the question of how the bottles arrive to
22 Defendants' property in the first place.  To succeed under a theory of *res ipsa loquitur* when
23 multiple parties are involved in handling the item at issue, like the water bottle here, a plaintiff
24 must "prove that all who dealt with the bottle besides the defendant did so with due care." *Zentz v.
25 Coca Cola Bottling Co. of Fresno*, 92 Cal. App. 2d 130, 134 (1949).  Plaintiffs assert that
26 Defendants cannot "foist blame onto some third-party entity that sold the hotel water bottles"
27 because Defendants "intentionally curated the types of water guests would consume on the
28 property – Ritz-labeled water bottles." Opp. at 22.  The fact that the water bottles bore

Defendants' name, however, does not mean third parties had no role in the manufacturing and delivery process. Indeed, Plaintiffs acknowledged the role of third parties in their notice of deposition of Ritz-Carlton's person most knowledgeable, in which it sought, among other things, testimony related to "third-party supplier(s) or bottler(s) . . . from which the Ritz-Carlton acquired the Ritz-labeled water bottles it distributed to guests at the Hotel property." Reply, Ex. A at 7-8. In their objection to the notice, Defendants identified the supplier, Reply, Ex. B at 13, but Plaintiffs have presented no evidence to the Court about the third-party distributor. All in all, Plaintiffs have failed to provide substantial evidence that the water bottle was in Defendants' exclusive control. For that reason, the Court need not consider whether they have provided substantial evidence of the first or third conditions to determine there is no genuine dispute of material fact as to Defendants' liability under a theory of *res ipsa loquitur*.

Having determined Plaintiffs have not carried their burden as to Jane Does' claims, the Court reaches Plaintiffs' fourth and final cause of action – John Doe's loss of consortium claim. This claim must fail for the simple reason that where there is "no cause of action in tort," a "spouse has no cause of action for loss of consortium." *Meighan v. Shore*, 34 Cal. App. 4th 1025, 1035-36 (1995). Defendants are thus entitled to summary judgment under Rule 56 and their motion is granted.

### III.     CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 16, 2025

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**