Terrence M. Jones (Cal. Bar No. 256603)
  *Terrence@DouglasHicksLaw.com*
D O U G L A S  /  H I C K S  L A W  APC
  5120 W. Goldleaf Circle, Suite 425
  Los Angeles, California 90056
  (213) 863-4490 | www.DouglasHicksLaw.com

Attorneys for Plaintiffs
JANE DOE and JOHN DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual; and JOHN DOE, an individual,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. CV23-5218 AMO<br><br>**PLAINTIFFS' OPPOSITION TO APPLICATION TO TAX COSTS**<br><br>RE:  Defendant's Bill of Costs (Dkt. No. 54)<br><br>Hon. Araceli Martinez-Olguin<br>United States District Judge |

　　　　COMES NOW Plaintiffs, Jane Doe and John Doe (collectively, "Plaintiffs"), who hereby submit this brief in opposition to the Application to Tax Costs (Dkt. No. 54) filed by Defendant The Ritz-Carlton Hotel Company, L.L.C. ("Defendant"), as follows—

## I.  INTRODUCTION

Defendant's Bill of Costs (Dkt. No. 54) seeks a $4,057.50 amount purportedly attributable to what Defendant attempts to categorize as "Trial exhibits" pursuant to Civil LR 54-3(d)(4).  However, in actuality, that amount is attributable to what Defendant paid its retained Rule 26 expert witnesses pursuant to Fed.R.Civ.P. 26(a)(2).  And expert fees are **not** among the delineated recoverable costs under 28 U.S.C. §§ 1920, 1921.  Consequently, that $4,057.50 amount must be deemed unrecoverable and Defendant's total cost award must be reduced from $5,408 to $1,350.50.

## II.  ARGUMENT

Plaintiffs filed the instant action on October 12, 2023.  (Dkt. No. 1.)  On January 3, 2025, as the litigation progressed, Defendant served its Rule 26 expert witness disclosure.  (*See* <u>Exhibit A</u>, hereto.)[1]  That expert witness designation indicated that Defendant had retained two expert witnesses, Sarah Shields and Anna Peterson, through the pair's DNA analysis company—**Bode Technology**:

---

| JANE DOE, an individual; and JOHN DOE, an individual, | Case No. 3:23-cv-05218-AMO |
|---|---|
| Plaintiffs, | *Assigned for all purposes to Judge Araceli Martínez-Olguín* |
| v. | **DEFENDANT THE RITZ-CARLTON HOTEL COMPANY, L.L.C.'S EXPERT WITNESS DISCLOSURE** |
| THE RITZ-CARLTON HOTEL COMPANY, L.L.C., a Delaware limited liability company; and DOES 1-10, inclusive, | |
| Defendants. | |

Defendants THE RITZ-CARLTON HOTEL COMPANY, L.L.C. ("defendant") hereby submits its expert witness disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2).

Defendants reserve the right to call and ask opinion questions of the following non-retained experts:

Sarah Shields, MSFS, Senior DNA Analyst, Anna Petersen, MS, Forensic Biology Analyst I, Bode Technology, 10430 Furnace Road, Suite 107, Lorton, VA 22079. Ms. Shields and Ms. Petersen performed testing on the subject water bottle. They have not been deposed in this matter.

---

[1] The undersigned counsel hereby states and declares, under penalty of perjury, that each and every exhibit attached hereto is a true and correct copy of the same.

Defendant attached to its Rule 26 expert witness designation very same Bode Technology documentation that it attached to the instant application for costs. Attached to Defendant's Rule 26 expert witness designation were the testing results from Defendant's retained experts:



(*See* Exhibit A, hereto, at pg. 4 of 7.)

The Court entered judgment in Defendant's favor on June 16, 2025. (Dkt. No. 53.) Thereafter, on June 30, 2025, Defendant submitted the instant application to tax costs with a Bill of Costs seeking recovery as a "Trial exhibit" cost the expert witness fees it paid Bode Technology:



(*See* Defendant's Exhibit D, attached to Lampasona Declaration [Dkt. No. 54-1 at pg. 14 of 20].)

However, the only ***costs*** recoverable by the prevailing party are those delineated in 28 U.S.C. §§ 1920, 1921—and a party's retained ***expert fees*** are not among those delineated categories.  *See*, *e.g.*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) (holding that expert witness fees are not available under Fed.R.Civ.P. 54(d) because "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary").  Accordingly, Defendant is not entitled to the $4,057.50 amount its seeks based upon their retention of Bode Technology.

## III.    CONCLUSION

Accordingly, based upon the foregoing, Plaintiffs respectfully submit that Defendant's total cost award must be reduced from $5,408 to $1,350.50.

Dated:  July 11, 2025                    DOUGLAS / HICKS LAW APC

/s/ Terrence M. Jones

Attorneys for Plaintiffs
JANE DOE and JOHN DOE

# Exhibit A

1  MARIA M. LAMPASONA, State Bar No. 259675
   lampasona@rankinlaw.com
2  NIMA AMINIAN, State Bar No. 340618
   aminian@rankinlaw.com
3  RANKIN, SHUEY, MINTZ,
   LAMPASONA & HARPER
4  475 City Center
   475 14th Street, Suite 650
5  Oakland, CA  94612
   Telephone Number:  (510) 433-2600
6  Facsimile Numbers:  (510) 433-2699

7  Attorneys for Defendant
   THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JANE DOE, an individual; and JOHN DOE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-05218-AMO<br><br>*Assigned for all purposes to Judge Araceli Martínez-Olguín*<br><br>**DEFENDANT THE RITZ-CARLTON HOTEL COMPANY, L.L.C.'S EXPERT WITNESS DISCLOSURE** |
|---|---|

Defendants THE RITZ-CARLTON HOTEL COMPANY, L.L.C. ("defendant") hereby submits its expert witness disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2).

Defendants reserve the right to call and ask opinion questions of the following non-retained experts:

Sarah Shields, MSFS, Senior DNA Analyst, Anna Petersen, MS, Forensic Biology Analyst I, Bode Technology, 10430 Furnace Road, Suite 107, Lorton, VA 22079. Ms. Shields and Ms. Petersen performed testing on the subject water bottle. They have not been deposed in this matter.

1  Defendant anticipates asking questions of Ms. Shields and Ms. Petersen about testing they
2  performed on the subject water bottle, including opinions and conclusions regarding the
3  concentration of any foreign substances and the comparison of the DNA profile to that of the
4  employee Plaintiff has accused of contaminating the water bottle contents. A copy of their report
5  is attached hereto as **Exhibit A.**

7  Dated: January 3, 2025

RANKIN, SHUEY, MINTZ,
LAMPASONA & HARPER

By: _____
MARIA M. LAMPASONA
NIMA B. AMINIAN
Attorneys for Defendant
THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

# EXHIBIT A

# BODE TECHNOLOGY

10430 Furnace Road, Suite 107
Lorton, VA 22079
Phone: 703-646-9740

## Serology Case Report
### February 27, 2024

**To:**
Maria Lampasona
Rankin, Shuey, Mintz, Lampasona, & Harper
475 14th Street, Suite 650
Oakland, CA 94612

**Bode Case #**: CCA2419-0031
**Agency Case #**: MCS791319

**List of evidence received on January 16, 2024 for possible analysis:**

| Bode Sample Name | Agency Sample ID | Agency Description |
|---|---|---|
| CCA2419-0031-E-01 | 1 | Bottle |

**List of evidence received on February 5, 2024 for possible analysis:**

| Bode Sample Name | Agency Sample ID | Agency Description |
|---|---|---|
| CCA2419-0031-R-02 | 2 | Swab [Buccal Collector] [Jose Acosta] |

**Notes:**
1. Testing performed for this case is in compliance with accredited procedures under the laboratory's ISO/IEC 17025:2017 accreditation issued by ANAB. Refer to certificate and scope of accreditation for certificate number FT-0268.
2. Evidence descriptions are based on the written descriptions of the samples by the submitting agency.
3. The results apply to the items tested or data provided, as received.
4. The opinions and interpretations included in this report are those of the undersigned analyst.
5. This test report shall not be reproduced, except in full, without the written approval of the laboratory.
6. The submitted evidence will be returned to Marriott Claims Services.
7. Visual examination was performed on sample CCA2419-0031-E-01, no further serological testing for the presence of semen was performed.
8. No serological testing was performed on the following sample: CCA2419-0031-R-02.

Report submitted by,

*Anna Petersen*

Anna Petersen, MS
Forensic Biology Analyst I



10430 Furnace Road, Suite 107
Lorton, VA 22079
Phone: 703-646-9740

**DNA Case Report**
**February 27, 2024**

**To:**
Maria Lampasona
Rankin, Shuey, Mintz, Lampasona, & Harper
475 14th Street, Suite 650
Oakland, CA 94612

**Bode Case #**: CCA2419-0031
**Agency Case #**: MCS791319

**List of evidence received on January 16, 2024 for possible DNA analysis:**

| Bode Sample Name | Agency Sample ID | Agency Description |
|---|---|---|
| CCA2419-0031-E-01 | 1 | Bottle [Mouth Area] |

**List of evidence received on February 5, 2024 for possible DNA analysis:**

| Bode Sample Name | Agency Sample ID | Agency Description |
|---|---|---|
| CCA2419-0031-R-02 | 2 | Swab [Buccal Collector] [Jose Acosta] |

**Male DNA Screening Conclusions:**

The evidence was screened to identify samples containing sufficient male DNA expected to produce data suitable for comparisons:

1. Male DNA was indicated in the following sample. This sample was processed further:

   CCA2419-0031-E-01

**STR Processing, Results, and Conclusions:**

The evidence was processed for DNA typing using the GlobalFiler® kit.

1. A DNA profile was obtained from sample CCA2419-0031-R-02 (Jose Acosta).

2. The same DNA profile was obtained from the sperm fraction (SF) and the epithelial fraction (EF) of sample CCA2419-0031-E-01 and is consistent with a male contributor.

   Jose Acosta is excluded as a possible contributor of the DNA profile obtained from the samples listed above.

See **Table 1** for summary of STR alleles for each sample.

**Notes:**
1. Testing performed for this case is in compliance with accredited procedures under the laboratory's ISO/IEC 17025:2017 accreditation issued by ANAB. Refer to certificate and scope of accreditation for certificate number FT-0268.
2. The DNA data reported in this case were determined by procedures that have been validated according to the standards established in the FBI's Quality Assurance Standards for Forensic DNA Testing Laboratories.
3. Evidence descriptions are based on the written descriptions of the samples by the submitting agency.

**Bode Case #**: CCA2419-0031  **Date:**  February 27, 2024
**Agency Case #**: MCS791319

**Notes (continued):**
4. The results apply to the items tested or data provided, as received.
5. The opinions and interpretations included in this report are those of the undersigned analyst.
6. This test report shall not be reproduced, except in full, without the written approval of the laboratory.
7. The evidence will be returned to Marriott Claims Services.
8. The terms "sperm fraction" and "epithelial fraction" refer to the two portions of the extract generated during a differential extraction procedure. The presence of DNA in the "sperm fraction" does not confirm the presence of seminal material.

Report submitted by,

*Sarah Shields*

Sarah Shields, MSFS
Senior DNA Analyst


**Table 1: Analysis of Short Tandem Repeat Loci**

| Locus | CCA2419-0031-E-01a1-EF | CCA2419-0031-E-01a1-SF | CCA2419-0031-R-02a1 [Jose Acosta] |
|---|---|---|---|
| D3S1358 | 16, 16 | 16, 16 | 15, 16 |
| vWA | 17, 19 | 17, 19 | 15, 19 |
| D16S539 | 9, 13 | 9, 13 | 8, 12 |
| CSF1PO | 11, 12 | 11, 12 | 10, 12 |
| TPOX | 8, 10 | 8, 10 | 8, 8 |
| Y indel | 2 | 2 | 2 |
| Amelogenin | X, Y | X, Y | X, Y |
| D8S1179 | 10, 13 | 10, 13 | 10, 13 |
| D21S11 | 30, 33 | 30, 33 | 30.2, 31 |
| D18S51 | 14, 16 | 14, 16 | 15, 17 |
| DYS391 | 10 | 10 | 10 |
| D2S441 | 10, 14 | 10, 14 | 10, 10 |
| D19S433 | 13, 15 | 13, 15 | 12, 14 |
| TH01 | 7, 9.3 | 7, 9.3 | 6, 9 |
| FGA | 22, 24 | 22, 24 | 20, 24 |
| D22S1045 | 15, 17 | 15, 17 | 11, 15 |
| D5S818 | 10, 12 | 10, 12 | 11, 12 |
| D13S317 | 11, 12 | 11, 12 | 11, 12 |
| D7S820 | {8, 11} | 8, 11 | 11, 13 |
| SE33 | {16, 28.2} | 16, 28.2 | 16, 20.2 |
| D10S1248 | 13, 16 | 13, 16 | 15, 16 |
| D1S1656 | 16.3, 18.3 | 16.3, 18.3 | 15, 17 |
| D12S391 | 18, 18 | 18, 18 | 18, 18 |
| D2S1338 | 19, 20 | 19, 20 | 17, 19 |

**{ } – Imbalanced alleles**

# CERTIFICATE OF SERVICE
*Doe vs. The Ritz Carlton Hotel Company, L.L.C., et al.*
United States District Court, Northern District of California Case No. 3:23-cv-05218-AMO

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 475 14th Street, Suite 650, Oakland, CA 94612. On January 3, 2025, I served the within:

**DEFENDANT THE RITZ-CARLTON HOTEL COMPANY, L.L.C.'S EXPERT WITNESS DISCLOSURE**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Indira J. Cameron-Banks<br>Terrence M. Jones<br>CAMERON JONES LLP<br>6737 Bright Avenue, Suite B6<br>Whittier, California 90601 | Phone: (213) 863-4490<br>Email: Indira@CameronJones.Law<br>Terrence@CameronJones.law |

*Attorney for Plaintiffs*

☒ ONLY BY ELECTRONIC TRANSMISSION. Pursuant to Code of Civil Procedure section 1010.6, I served the document(s) to the persons at the e-mail address(es) listed above. The email addresses listed above have been confirmed to be correct prior to transmission. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☒ *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 3, 2025, at Oakland, California.

_____
Maria M. Lampasona